IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| J&J SPORTS PRODUCTIONS, INC., | : | |
|     Plaintiff, | : | CIVIL ACTION |
|     v. | : | NO. 11-7038 |
| | : | |
| FRANCISCO CASTILLO, CARMEN CASTILLO, | : | |
| and CASTILLOS AND CASTILLOS, INC., | : | |
|     Defendants. | : | |
| | : | |

**Pratter, J.**                                                                                                                            **March 12, 2013**

## MEMORANDUM OPINION

Plaintiff J&J Sports Productions, Inc. ("J&J"), a California corporation, is a closed-circuit distributor of sports and entertainment programming. J&J enters into sub-licensing agreements with various entities nationwide, by which it grants limited rights to exhibit J&J's broadcasts within those entities' respective restaurants, bars, hotels, casinos, clubs, etc. J&J employs auditors and law enforcement personnel to detect and identify so-called "signal pirates," *i.e.*, persons who unlawfully intercept and exhibit J&J's broadcasts without paying the required commercial sub-licensing fees.

J&J alleges that it purchased and retains the nationwide commercial exhibition rights to *Firepower: Manny Pacquiao v. Miguel Cotto, WBO Welterweight Championship*, and its related under-card bouts and color commentary (the "Program"), which was telecast on Saturday, November 14, 2009. J&J alleges that on that date, with knowledge that the Program was not to be exhibited by unauthorized commercial entities, Defendants Francisco and Carmen Castillo, individually, or doing business as Castillos and Castillos, Inc. (collectively, "the Castillos"), intercepted and exhibited the under-card bout between Julio Cesar Chavez and Troy Rowland at

1

El Rincon Latino, a restaurant located at 186 West Lehigh Ave., Philadelphia, PA, and allegedly owned and operated by the Castillos.[1]

J&J initiated this action by filing a complaint in this Court on November 10, 2011, bringing claims against the Castillos for violation of The Communications Act of 1934, as amended, 47 U.S.C. § 605, et seq. (Count I); violation of The Cable & Television Consumer Protection and Competition Act of 1992, as amended, 47 U.S.C. § 553 (Count II); and conversion (Count III).  J&J attests that all Defendants were served with the Complaint and Summons on January 3, 2012,[2] but no defendant has yet answered, moved, responded, or otherwise entered any appearance in this matter.  J&J requested entry of default, which was entered by the Clerk's Office on February 2, 2012.  J&J then filed the instant Application for Default Judgment [Doc. No. 7] on February 22, 2012.  Oral argument was noticed and then held before this Court on November 20, 2012.  The Castillos did not appear at the argument, nor has any communication come to the Court from or on behalf of any of the Castillo Defendants since that date.

## DISCUSSION

Federal Rule of Civil Procedure 55(b)(2) governs the Court's entry of default judgment. As a threshold matter, the party against whom default judgment is requested must have been properly served with process.  *See Wallace v. Fed. Employees of U.S. Dist. Court*, 325 F. App'x

---

[1] J&J's President, Joseph Gagliardi, attests that this unlawful broadcast was observed and reported by J&J's investigator Kevin Goldberg.  Gagliardi Aff. ¶ 7 [Doc. 6-1]; Goldberg Aff. [Doc. No. 7-3]. Gagliardi also attests that J&J's programming "is *not* and cannot be mistakenly, innocently, or accidentally intercepted."  Gagliardi Aff. ¶ 9, 13 (listing various methods by which the programming can be pirated, each of which requires intentional modification of electronic equipment, the willful removal of devices designed to prevent piracy, or the fraudulent misrepresentation of a commercial establishment as a residential one to allow the purchase of pay-per-view programming at the residential rate).

[2] Proof of service was filed with the Court on January 26, 2012, reflecting that service was made by delivering a copies of the Complaint and Summons to an individual named Manni Peralti (not a defendant in this case) at El Rincon Latino, 186 West Lehigh Ave., Philadelphia, PA.  *See* Doc. Nos. 3-5.

96, 101 (3d Cir. 2009) (citing *Petrucelli v. Bohringer & Ratzinger*, 46 F.3d 1298, 1304 (3d Cir. 1995); *Local Union No. 98, Int'l Bd. of Elec. Workers v. Cableco, Inc.*, No. 99-755, 1999 WL 269903, at * 1 (E.D. Pa. Apr. 28, 1999).

The Federal Rules of Civil Procedure provide that an individual within a judicial district of the United States may be served by: (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made (here, Pennsylvania); or (2) by (a) delivering a copy of the summons and complaint to the individual personally; (b) leaving a copy at the individual's usual abode with a resident of suitable age and discretion; or (c) delivering a copy to an agent authorized by appointment or law to receive service of process. Fed. R. Civ. P. 4(e).

Pennsylvania Rule of Civil Procedure 402(a) provides that original process may be served (1) by handing a copy to the defendant; or (2) by handing a copy (i) at the residence of the defendant to an adult member of the family with whom he resides; but if no adult member of the family is found, then to an adult person in charge of such residence; or (ii) at the residence of the defendant to the clerk or manager of the hotel, inn, apartment house, boarding house or other place of lodging at which he resides; or (iii) at any office or usual place of business of the defendant to his agent or to the person for the time being in charge thereof. Pa. R. Civ. P. 402(a).

Under Federal Rule of Civil Procedure 4(h)(1), a corporation, partnership, or other unincorporated association that is subject to suit under a common name must be served (A) in the manner prescribed by Rule 4(e)(1) for serving an individual (*i.e.*, by following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made); or (B) by delivering the summons and

complaint to an officer, managing or general agent, or any other agent authorized to receive service by appointment or by law. Fed. R. Civ. P. 4(h)(1).

Pennsylvania Rule of Civil Procedure 424 provides that service of original process upon a corporation or similar entity shall be made by handing a copy to any of the following persons, provided the person served is not a plaintiff in the action: (1) an executive officer, partner or trustee of the corporation or similar entity, or (2) the manager, clerk or other person for the time being in charge of any regular place of business or activity of the corporation or similar entity, or (3) an agent authorized by the corporation or similar entity in writing to receive service of process for it. Pa. R. Civ. P. 424.

J&J claims that it served all three Defendants on January 3, 2012, by leaving copies of the Complaint and Summons with "Manni Peralti," an individual who is not a defendant in the case, at 186 West Lehigh Avenue, Philadelphia, PA 19133. Proof of service for Francisco Castillo lists Manni Peralti as "New Owner" of 186 West Lehigh Avenue [Doc. No. 4]; proof of service for Carmen Castillo lists Mr. Peralti as "Person in Charge" of 186 West Lehigh Avenue [Doc. No. 3]; and proof of service for Castillos and Castillos, Inc., d/b/a El Rincon Latino, lists Mr. Peralti as "Owner" of 186 West Lehigh Avenue [Doc. No. 5].

However, there is no record evidence—and J&J offered no further proof at oral argument—that the restaurant located at 186 W. Lehigh Avenue was owned or operated by Francisco or Carmen Castillo, individually, or by Castillos & Castillos, Inc., either on November 14, 2009, when the Program was allegedly broadcast, or on January 3, 2012, when copies of the Complaint and Summons were delivered to Mr. Peralti at that location.[3] Moreover, if Mr. Peralti

---

[3] The only evidence J&J offers in support of its contention that the Castillos own the restaurant located at 186 W. Lehigh Avenue is a letter dated September 13, 2005, from the Pennsylvania Liquor Control Board and addressed to "Castillos and Castillos, Inc., 186 W. Lehigh Ave., Philadelphia, PA, 19133-3839." This letter is evidence only that Castillos and Castillos, Inc. had a business address of 186 W. Lehigh

was, in fact, the "Owner" or "New Owner" of the premises as of January 2012, then that address is no longer an office, regular place of business, or regular place of activity at which any of the named Defendants could have been served pursuant to either the Federal or Pennsylvania rules of civil procedure.[4]  Accordingly, the Court must conclude that J&J has failed to properly serve Defendants in this matter. [5]

## CONCLUSION

For the reasons above, the Court will deny Plaintiff's Application for Default Judgment. An appropriate Order to that effect will be entered.

---

Ave., Philadelphia, PA, 19133-3839 in 2005; it is not evidence that the Castillos owned or operated a restaurant at that address in 2009 or 2012.

[4] At oral argument, counsel admitted that J&J had made no other efforts to locate or serve Defendants in this action, by, for example, searching the Pennsylvania Corporations database, motor vehicle registration databases, local tax records, or conducting inquires of the postal authorities for addresses for the individual defendants.

[5] Furthermore, J&J has provided no evidence in support of its alleged "exclusive" broadcast licensing rights to the Program.  In fact, the Rate Card for the Program attached as an exhibit to Plaintiff's Affidavit in Support of its Application for Default [Doc. No. 8] reads: "All commercial locations that have been licensed to carry this event must have a valid license agreement from the OFFICIAL CLOSED-CIRCUIT PROVIDER, G&G Closed Circuit Events, Inc. There is NO OTHER LEGAL LICENSOR."  [Doc. No. 8 at 9]  At oral argument, counsel for J&J was not able to clarify J&J's relationship, if any, to "G&G Closed Circuit Events, Inc."